141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiffs-Appellees,
v.
Edward Taylor BURTS, Defendant-Appellant.
 No. 97-30014.
D.C. No. CR-96-05429-1-FDB.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted February 6, 1998**.
Decided March 17, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court found Edward Taylor Burts guilty of one count of manufacturing counterfeit currency in violation of 18 U.S.C. § 471, and two counts of possessing counterfeit currency in violation of 18 U.S.C. § 472. Burts appeals the convictions arguing that the district court erred in partially denying his motion to suppress evidence.
 
 I.
 
 3
 On May 11, 1996, Burts' car was lawfully stopped by the Tacoma police and Burts fled on foot. He was caught and arrested. A lawful search of his person yielded a counterfeit fifty dollar bill bearing the same serial number as many other counterfeit notes surfacing in the area. Burts was taken to the Pierce County Jail.
 
 
 4
 On May 14, Secret Service agents discovered Burts' arrest and obtained a copy of the arrest report. They examined the counterfeit bill that was found in his possession. They then searched Burts' personal property that was stored in the booking area.[1] The agents proceeded to the location of Burts' car, as indicated in the arrest report, and searched it. In the car's trunk, they discovered $9,000.00 in counterfeit notes in various stages of production.
 
 
 5
 After discovering the counterfeit notes in Burts' car, the agents applied for and received a warrant to search Burts' residence. The search of the residence produced $3,942.00 in counterfeit notes in various stages of production and computer equipment used to manufacturer the counterfeit notes.
 
 
 6
 On May 15, two Secret Service agents interviewed Burts at the Pierce County Jail. They informed Burts that they were there to discuss the passing and manufacturing of counterfeit currency and that they had discovered counterfeit notes in his house and car. One of the agents properly informed Burts of his Miranda rights and asked him if he wanted to talk. According to that agent, Burts said, "I don't know," and, after a moment, "can't we make a deal?"[2] The agent responded that they did not make deals and that his cooperation would be reported to the U.S. Attorney who would prosecute the case. The agents again explained that they had found counterfeit notes in Burts' house and car. Burts then began to talk about the counterfeiting scheme. This interview lasted approximately one and one half hours, during which time Burts confessed.
 
 
 7
 The district court suppressed the evidence obtained in the search of Burts' car (the counterfeit notes) and the evidence obtained in the search of Burts' personal property at the Pierce County Jail (the Safeway receipt). The court did not suppress evidence found in his residence (the counterfeit notes and computer equipment) or his confession.
 
 II.
 
 8
 Burts contends that the district court erred in not suppressing the evidence obtained in his residence. He argues that, after excising the information derived from the illegal search of his car and his personal belongings at the jail, the affidavit in support of the search warrant for his residence was insufficient.
 
 
 9
 The district court excised from the affidavit in support of the warrant evidence obtained from the search of Burts' car. The court found that, based on the rest of the information in the affidavit, probable cause existed to issue the warrant. We review de novo a district court's determination that there was probable cause, United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996), but accord significant deference to the judge making the original determination of probable cause. United States v. Gil, 58 F.3d 1414, 1418 (9th Cir.1995).
 
 
 10
 After excising all illegally obtained information, we find that the affidavit retained sufficient facts to support the issuance of the warrant, including corroborated information from a confidential informant,[3] the counterfeit bill obtained in the lawful search of his person, and the experience of the investigating agent. Under the totality of the circumstances, substantial evidence supports the magistrate's probable cause determination and thus the search warrant was valid. Gates, 462 U.S. at 238.
 
 III.
 
 11
 Burts contends that the district court erred in not suppressing his confession. He argues that his confession was tainted because it was induced by the exploitation of the illegally obtained evidence from the car in violation of the Fourth Amendment. See Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1974); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
 
 
 12
 The exclusionary rule extends to the indirect as well as the direct products of unconstitutional conduct. Wong Sun, 371 U.S. at 484. The question is, "whether, granting establishment of the primary illegality, the evidence to which the instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Id. at 487-88 (citation omitted). In order for the causal chain between the illegality and the confession to be broken, the statement must be "sufficiently an act of free will to purge the primary taint." Brown, 422 U.S. at 602 (quoting Wong Sun, 371 U.S. at 486).
 
 
 13
 The determination of whether a confession is "sufficiently an act of free will to purge the primary taint" depends on the facts of each case. Id. The Supreme Court has articulated four factors to consider in making this determination: (1) the presence of Miranda warnings, (2) the temporal proximity between the illegality and the confession, (3) the presence of intervening circumstances, and, particularly, (4) the purpose and flagrancy of the official misconduct. Id. at 603-04.
 
 
 14
 Here, Burts confessed shortly after Secret Service agents illegally searched his car and informed him of the results of that search. While this seems to weigh in favor of exclusion, the other three factors weigh heavily on the side of admissibility.
 
 
 15
 First, a Secret Service agent properly read Burts the Miranda warnings and Burts signified that he understood before he confessed. Burts makes no claim that his Fifth Amendment rights were violated.
 
 
 16
 Second, the lawful search of Burts' residence was a significant intervening circumstance. Because of this lawful search, the Secret Service agents approached Burts with not only illegally obtained evidence, but with powerfully inculpatory, legally obtained evidence of counterfeit manufacturing at his residence. Assuming that the confession was induced by the agents informing Burts' of the evidence against him, the illegally obtained evidence was merely cumulative. See, e.g., United States v. Jones, 608 F.2d 386, 392 (9th Cir.1979) (holding that a confession induced by the use of a defendant's illegally obtained fingerprints was not rendered inadmissible where the authorities possessed other, legally obtained sets of his fingerprints that could have been used).
 
 
 17
 Finally, while the legality of the search of Burts' car is not directly before us,[4] we note that it was a close call.[5] We decline to comment on the ruling that the car search was illegal beyond that, in conducting the search, the Secret Service agents misconduct was not purposeful or flagrant.
 
 
 18
 Thus, based on the totality of the circumstances, we find that Burts' confession was sufficiently an act of free will to purge from it any taint that may have attached as a result of the illegal search of the car.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The search of Burts' personal property produced a receipt from a Safeway store recording the purchase of a $1.07 item with a $20.00 bill. The affidavit in support of the warrant to search Burts' residence stated that the receipt represented evidence of a counterfeit pass, i.e. purchasing small dollar items with large denomination counterfeit notes to obtain change in real currency
 
 
 [2]
 The other agent's testimony is very similar, except that he stated that Burts initially denied being involved in counterfeiting before asking if they could make a deal
 
 
 [3]
 The confidential informant's veracity was unknown to the government. However, the information obtained from the informant was corroborated independently by the agents. See Illinois v. Gates, 462 U.S. 213, 243-46, 103 S.Ct. 2317, 76 L.Ed.2d 527; Draper v. United States, 358 U.S. 307, 309-13, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)
 
 
 [4]
 The government did not cross-appeal the ruling that the search of Burts' car was illegal
 
 
 [5]
 Less than two months after the search took place, the Supreme Court solidified the principle that if a car is readily mobile and probable cause exists to believe it contains contraband, it can be searched without a warrant. Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (citing California v. Carney, 471 U.S. 386, 393, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985))